UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CAMERON COOK, RENA KASTRIS, MYRNA RAMIREZ, individually and on behalf of all other current and former similarly situated employees of Tiffany and Company,

Plaintiffs,

v.

TIFFANY AND COMPANY,

Defendant.

Civil No. 09cv2634 L (JMA)

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT [doc. #43]; GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS [doc. #44] and DIRECTING ENTRY OF JUDGMENT**

This matter having come before the Court for hearing pursuant to the Order dated April 25, 20117, for approval of the settlement of the Action set forth in the Stipulation and Settlement Agreement of Claims ("Stipulation" or "Settlement"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, **IT IS HEREBY ORDERED**:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including the Named Plaintiffs, the Five California Classes, and Tiffany.

3. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted

extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.

4. The Court finds that distribution of the Notice directed to the Putative Class Members as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice by first class mail to all Putative Class Members who could be identified through reasonable effort. The Court finds the Notice sent to all Putative Class Members provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. Seven Hundred Eighty Four (784) Putative Class Members made claims under the Settlement. Nine (9) Putative Class Members opted out of either the California Commission Chargeback Damages Class, the California Commission Overtime Damages Class and/or the California Paid Time Off-Eligible Damages Class and no Putative Class Members objected to the Settlement.

5. This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court has reviewed the settlement awards and the Tiffany Gift Cards that are being granted as part of the Settlement and recognizes the significant value of the settlement awards and Tiffany Gift Cards to the California Commission Chargeback Damages Class, California Commission Overtime Damages Class, and the California Paid Time Off-Eligible Damages Class, as applicable. The Court also has reviewed the prospective relief being ordered as part of the resolution of the claims for injunctive relief and recognizes the significant value that the California Commissioned Employee Prospective Relief Mandatory Class and the California Paid Time Off-Eligible Prospective Relief Mandatory Class will derive from this prospective relief. The Court finds the resolution of the Action to be fair, adequate and reasonable.

6. For purposes of this Final Judgment and for settlement only, the Court hereby certifies the California Commission Chargeback Damages Settlement Class, California Commission Overtime Damages Settlement Class, and the California Paid Time Off-Eligible Damages Settlement Class.

7. For the purposes of this Final Judgment and for settlement only, the Court hereby certifies the California Commissioned Employee Prospective Relief Mandatory Class and the California Paid Time Off-Eligible Prospective Relief Mandatory Class. These are mandatory, no-opt out classes.

8. The Court hereby appoints the Named Plaintiffs as class representatives for the California Commission Chargeback Damages Settlement Class, the California Commission Overtime Damages Settlement Class, the California Commissioned Employee Prospective Relief Mandatory Class, the California Paid Time Off-Eligible Damages Settlement Class, and the California Paid Time Off-Eligible Prospective Relief Mandatory Class in conjunction with the Claims applicable to each of these classes through ten (10) days after the District Court enters an order granting preliminary approval of the settlement of the Claims.

9. The Court hereby orders the Claims Administrator to distribute the monetary settlement awards and/or Tiffany Gift Cards to California Commission Chargeback Damages Participating Settlement Class Members, California Commission Overtime Damages Participating Settlement Class Members, and California Paid Time Off-Eligible Damages Participating Settlement Class Members in accordance with the provisions of the Settlement.

10. The Court hereby appoints Class Counsel as counsel for the California Commission Chargeback Damages Settlement Class, the California Commission Overtime Damages Settlement Class, the California Commissioned Employee Prospective Relief Mandatory Class, the California Paid Time Off-Eligible Damages Settlement Class, and the California Paid Time Off-Eligible Prospective Relief Mandatory Class in conjunction with the Claims applicable to each of these classes through ten (10) days after the District Court enters an order granting preliminary approval of the Settlement.

11. The Court finds that the revised commission plan proposed by Tiffany and

attached hereto as Exhibit A is fully compliant with existing California law, including California Labor Code §§ 221, 224, 226, and 201-202, the Industrial Welfare Commission Wage Orders, and California Business & Professions Code § 17200 *et seq*. The Court further finds that, unless there is a material change in the law applicable to the revised commission plan, the California Commissioned Employee Prospective Relief Mandatory Class will be bound by the terms of the plan in conjunction with their work for Tiffany in California. In addition, the Court expects that current and future employees of Tiffany in California paid pursuant to the revised commission plan will be barred from arguing the commission plan is unlawful under California wage laws unless there is a material change in the law applicable to the plan.

12. The Court finds that the revised paid time off policy proposed by the Parties and attached hereto as Exhibit B is fully compliant with existing California law, including California Labor Code § 227.3 and California Business & Professions Code § 17200 *et seq*. The Court further finds that, unless there is a material change in the law applicable to the California revised paid time off policy, the California Paid Time Off-Eligible Prospective Relief Mandatory Class will be bound by the terms of the revised paid time off policy plan in conjunction with their work for Tiffany in California. In addition, the Court expects that current and future employees of Tiffany in California who accrue and are credited paid time off pursuant to the revised paid time off policy will be barred from arguing revised paid time off policy is unlawful under California wage laws unless there is a material change in the law applicable to the plan.

13. As of the Effective Date, the Released Commission Chargeback Claims of each and every California Commission Chargeback Damages Settlement Class Member shall be deemed to be conclusively released as against the Released Parties, including for any injunctive relief. All California Commission Chargeback Damages Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting Released Commission Chargeback Claims against the Released Parties.

14. As of the Effective Date, the Released Paid Time Off Claims of each and every California Paid Time Off-Eligible Damages Settlement Class Member are and shall be deemed to be conclusively released as against the Released Parties, including for any injunctive relief.

All California Paid Time Off-Eligible Damages Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting Released Paid Time Off Claims against the Released Parties.

15. As of the Effective Date, the Released Commission Overtime Claims of each and every California Commission Overtime Damages Settlement Class Member are and shall be deemed to be conclusively released as against the Released Parties, including for any injunctive relief. All California Commission Overtime Damages Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting Released Commission Overtime Claims against the Released Parties.

16. The Court hereby awards attorneys' fees ("Fees Award") in the amount of $1,029,270.00, and costs ("Costs Award") in the amount of $20,000.00 to Class Counsel. The Fees Award and Costs Award fully satisfy all fees and costs incurred by Class Counsel that represented the Named Plaintiffs in the prosecution and settlement of the Action. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Tiffany in any way connected with this Action. Any separate appeal from the portion of this Final Judgment as to the Fees Award or Cost Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Final Judgment. The Court hereby orders the Claims Administrator to distribute the Fees Award and Costs Award to Class Counsel in accordance with the provisions of the Settlement.

17. The Court hereby approves a Service Award to the three Named Plaintiffs in the amounts as follows: $7,000 to Cameron Cook, $7,500 to Rena Kastris, and $7,500 Myrna Ramirez. The Court hereby orders the Claims Administrator to distribute the Service Awards to the three Named Plaintiffs in accordance with the provisions of the Settlement.

18. The Court hereby approves claims administration fees to the Claims Administrator in an amount of $26,000.

19. The Court hereby orders the Claims Administrator to distribute the monetary settlement awards and/or Tiffany Gift Cards to the California Commission Chargeback Damages Participating Settlement Class Members, the California Commission Overtime Damages

Participating Settlement Class Members, and the California Paid Time Off-Eligible Damages Participating Settlement Class Members in accordance with the provisions of the Settlement.

20. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than 180 days after the Effective Date, Tiffany shall file a report with this Court certifying compliance with the terms of the Settlement.

21. The Stipulation and Settlement are not an admission by Tiffany or any of the other Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Tiffany or any of the other Released Parties. Neither this Final Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Tiffany or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Tiffany or any of the other Released Parties and shall not be offered in evidence against Tiffany or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Final Judgment, the Stipulation, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense as to the Released Commission Claims and the Released Paid Time Off Claims.

22. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

23. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Tiffany

consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith, including the order certifying the California Commission Chargeback Damages Class, the California Commission Overtime Class, the California Commissioned Employee Prospective Relief Mandatory Class, the California Paid Time Off-Eligible Damages Class, and the California Paid Time Off-Eligible Prospective Relief Mandatory Class, shall be rendered null and void and shall be vacated.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 19, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL